Caeutheks, J.,
delivered the opinion of the Court.
r'ii This is a contest for the administration, between the widow and brother of Wm. Swan, who died intestate, in Knox county, in November last, without children, commenced in the County Court, where the widow prevailed, and the judgment was affirmed in the Circuit Court, from which the case is brought, by appeal, to this Court.
The act of 1715, Car. and Nich., 72, gave the right of administration to the “next of kin.” In Mar. & Yer. R., 42, it was held that where application was made by both the next of kin and the widow, the Court might use its discretion, in the selection. This was in conformity to the power of the Ordinary in England, under the statute of Henry the Eighth. This Court, in the case of Wilson v. Frazier, 2 Hum., 31, leaves the question undecided, whether the act of 1715, de--prives the widow of an equal right with next of kin, to administration under the act of Henry the Eighth, but holds that the wife, as such, is not next of kin. But that case does not settle the question either way, but disposes of the case against the widow, upon the ground that she made no contest in the County Court, where the application must originate, otherwise the higher Courts have no jurisdiction. So the question remains undecided under the act of 1715, and it is unnecessary now to speculate upon it, as that act is no longer in existence, except so far as it is adopted in the Code, ch. 2, art. 1, p. 445. That omits the part of the old act which gives a preference to the next of kin, and vests the County Court with the discretionary power’to make the best selection, without restrictions. That is certainly an improvement, as the next of kin may, in many cases, be entirely incompetent to perform the duties of administrator.
But ihere is no room for speculation on the subject, as by the 41st section of the Code, “all public and, general acts” passed prior to the session at which the Code was adopted, *165 are expressly repealed. So, there is now no statute giving a preference to the next of kin, the widow, or anybody else. Whether the statute of Henry the Eighth would now apply, and confine the discretion of the County Court to a selection 'between the widow and next of kin, when they apply for it, we need not now consider, as, if that be so, still this appointment would be valid under either view.
But there is a particular propriety in giving the preference to the widow, in cases where there are no children, or descendants, as, since the act of 1844, she is entitled to the whole <sf the personal estate, after the payment of the debts.
Let the judgment be affirmed.